IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANNIE RINKS,                         :

    Petitioner,                      :

v.                                    :    CIVIL ACTION 07-0386-KD-M

SYLVESTER FOLKS,                      :

    Respondent.                      :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied, that this action be dismissed as time-barred, and that judgment be entered in favor of Respondent Sylvester Folks and against Petitioner Dannie Rinks pursuant to 28 U.S.C. § 2244(d).[1]

The evidence[2] shows that Petitioner, Dannie Rinks, was convicted in January 1993 of unlawful distribution of a

---

[1] Petitioner has filed a "Motion of Ominousness" (Doc. 33) which is **NOTED**.  This Motion requires no ruling by the Court.

[2] Though much of this was set out in the previous Report and Recommendation, the Court will set it out again herein for the benefit of the reader.

controlled substance in the Circuit Court of Mobile County for which he was sentenced to life imprisonment; Rinks was paroled on September 10, 2001 (Doc. 8, Exhibit p. 3).  A Parole Violation Report was completed by his Probation Officer on December 29, 2004, stating that he had failed to report, as instructed, during November and December 2004; the Officer recommended that Rinks's probation be revoked (Doc. 8, Exhibit pp. 3-4).  Following a hearing on February 28, 2005, a Parole Court Hearing Officer recommended that Rink's parole be revoked (Doc. 8, Exhibit p. 12).  On March 16, 2005, the Alabama Board of Pardons and Paroles revoked Petitioner's parole (Doc. 8, Exhibit p. 18).

In this habeas petition, Petitioner challenges the revocation of his parole, raising multiple claims (Doc. 1, pp. 7-21).  In a previous Report and Recommendation, the Undersigned recommended that this action be dismissed as time-barred under the following provision of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).  After reviewing the actions Rinks had taken in the State Courts to have his probation revocation

overturned, this Undersigned found that none of those actions were "properly filed" under the provisions of AEDPA (Doc. 28, pp. 3-5).  28 U.S.C. § 2244(d)(2).[3]  A recommendation was made that this action be dismissed as time-barred under AEDPA (Doc. 28).

Petitioner filed an Objection to the Report and Recommendation in which he claimed that he was actually innocent (Doc. 29).  U.S. District Judge Dubose referred this action back to the Undersigned "for consideration of [P]etitioner's argument that he is actually innocent in determining whether the statute of limitations should be equitably tolled" (Doc. 30).  Respondent has filed a Supplemental Response (Doc. 34), addressing this newly-raised issue.

In the previous Report and Recommendation, it was noted that under the clearly-established law of Alabama, a writ of *certiorari*, filed in the Montgomery County Circuit Court, is the only means of review available for one whose probation has been revoked (Doc. 28, pp. 3-4).  *Sellers v. State*, 586 So.2d. 994, 995 (Ala. Crim. App. 1991).  It was further noted that "there is no statute of limitations for seeking that action as it is governed by the Doctrine of Laches (*see generally* Doc. 26, pp. 2-6). . . . [and that] the writ of *certiorari* [may] still [be] available to Petitioner" (Doc. 28, p. 4 n.2).

---

[3]"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Though a period of three years has lapsed (February 28, 2005) since Rinks's probation was revoked, the possibility still exists that he has a State remedy available to him under the Doctrine of Laches. The Court strongly urges Petitioner to pursue that remedy.

The Undersigned considered—but decided against—recommending that this action be dismissed so that Rinks could pursue that remedy. The Undersigned notes that dismissing this action, without prejudice, so that Petitioner may file a writ of *certiorari* in the Montgomery County Circuit Court will not necessarily garner a result he desires. In that event, Rinks would, presumptively, file another habeas action in this Court, again seeking redress. For that reason, the Undersigned will again take up the AEDPA discussion as well as Petitioner's new claim of actual innocence.

For the reasons stated in the previous Report and Recommendation, the Undersigned would again recommend that this action be dismissed as time-barred under AEDPA (Doc. 28). The Court would again note that Rinks has not "properly filed" a writ of *certiorari* with the Montgomery County Circuit Court, so there has been no tolling of the Statute (*id.*). The Court would further note that if Petitioner's writ is accepted for review in the State courts, a habeas action filed in this Court after those proceedings are complete would still be too late as the Eleventh Circuit Court of Appeals has held that "[a] state court petition

4

[] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Keeping this in mind, the Court will proceed to the actual innocence claim.

Rinks has asserted that he is actually innocent of not following instructions, instructions which led to his parole revocation and that, in spite of AEDPA's time-limitations bar, he should be excused under equitable tolling analysis (Doc. 29). The crux of Petitioner's argument appears to be that his parole officer, Monica Norwood, has admitted that she did not instruct him on the rules of parole; rather, he states that she has asserted that he was instructed on those rules by a Mr. Coon (*see, e.g.*, Doc. 29, pp. 3-4, 16).  Rinks maintain that this statement is false, that it is hearsay, and that it cannot form the basis of his revocation as it is insufficient evidence that he had not done as instructed.

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty

5

beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.  In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.  A court can consider constitutional infirmities only after this threshold has been met.

The Court finds that Petitioner has presented no evidence in this action that was not submitted at his probation revocation hearing.  On this basis alone, Rinks's actual innocence assertion must fail.

The Court further notes, for purposes of considering whether a claimant has equitably tolled the AEDPA limitations period, that the Eleventh Circuit Court of Appeals has held that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Secretary for Department of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  The Court notes that Rinks has failed to assert any extraordinary circumstances in bringing this action.  Also, as noted previously, it has been more than three years since Petitioner's probation has been revoked.  In that period of time, he has failed to properly file a writ of *certiorari* in the State courts.  It took more than two

years for Rinks to file this action. The Court cannot say that Petitioner has been diligent in pursuing his claim.

In summary, the Court finds that Rinks has not satisfied the preliminary burdens of bringing forth new evidence of his "innocence" or in being diligent in pursuing his claims. Therefore, the Court will not consider Petitioner's claim of actual innocence and finds that he has not equitably tolled the statute of limitations bar of AEDPA.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Sylvester Folks and against Petitioner Dannie Rinks pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time

>is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

>DONE this 14th day of April, 2008.

>>s/BERT W. MILLING, JR.
>>UNITED STATES MAGISTRATE JUDGE